**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF WEST VIRGINIA

Case number *(if known)* _____    Chapter  **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **West Virginia High Technology Consortium Foundation** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **DBA  High Technology Foundation** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **55-0727658** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**<br><br>**Robert H. Mollohan Research Center**<br>**1000 Galliher Drive**<br>**Fairmont, WV 26554**<br>Number, Street, City, State & ZIP Code<br><br>**Marion**<br>County | **Mailing address, if different from principal place of business**<br><br>**1000 Technology Drive**<br>**Suite 1000**<br>**Fairmont, WV 26554**<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **www.wvhtf.org** | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

■ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   ____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | | | | |
|---|---|---|---|---|
| Debtor | **HT Foundation Holdings, Inc.** | Relationship | **Subsidiary Company** |
| District | **Northern District of West Virginia** | When | Case number, if known | |

**11. Why is the case filed in *this district?***　*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.　Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　What is the hazard?　_____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other　_____

**Where is the property?**　_____
　　　Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.　Insurance agency　_____
　　　　Contact name　_____
　　　　Phone　_____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**　*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

|  | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **August 4, 2016**
            MM / DD / YYYY

X **/s/ James L. Estep**                    **James L. Estep**
Signature of authorized representative of debtor    Printed name

Title  **President and CEO**

**18. Signature of attorney**

X **/s/ David B. Salzman**                    Date **August 4, 2016**
Signature of attorney for debtor                 MM / DD / YYYY

**David B. Salzman**
Printed name

**Campbell & Levine, LLC**
Firm name

**310 Grant Street, Suite 1700**
**Pittsburgh, PA 15219**
Number, Street, City, State & ZIP Code

Contact phone **412-261-0310**    Email address

**9235**
Bar number and State

# United States Bankruptcy Court
## Northern District of West Virginia

In re   **West Virginia High Technology Consortium Foundation**                          Case No.
                                                    Debtor(s)                             Chapter    **11**

# VERIFICATION OF CREDITOR MATRIX

I, the President and CEO of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **August 4, 2016**                  **/s/ James L. Estep**
                                            **James L. Estep**/**President and CEO**
                                            Signer/Title

West Virginia High Technology Consortium Foundation
1000 Technology Drive
Suite 1000
Fairmont, WV 26554


David B. Salzman
Campbell & Levine, LLC
310 Grant Street, Suite 1700
Pittsburgh, PA 15219


ACE Hardware & Contractor Supply
9051 Middletown Mall
Fairmont, WV 26554


Action Facilities Management
115 Malone Drive
Morgantown, WV 26501


AFLAC
1932 Wynnton Rd
Columbus, GA 31999


Airgas USA, LLC
5355 Benedum Dr
Shinnston, WV 26431-7341


American Express
Box 0001
Los Angeles, CA 90096-8000


Arnett Carbis Toothman LLP
600 Market Place Avenue
Suite 100
Bridgeport, WV 26330


AT&T Mobility
PO Box 1809
Paramus, NJ 07653-1809


AXA Equitable
1614 Garner Street
Fairmont, WV 26554

```
BB&T Financial, FSB
PO Box 698
Wilson, NC 27894-0698


BMW Financial Services
PO Box 3608
Dublin, OH 43016-0306


Business Card (Bank of America)
PO Box 15796
Wilmington, DE 19886-5796


Castro Technical Services
540 Leon Sullivan Way
Charleston, WV 25301


City of Fairmont
PO Box 1428
Fairmont, WV 26555-1428


Citynet
100 Citynet Drive
Bridgeport, WV 26330


Comcast Cable
PO Box 3001
Southeastern, PA 19398-3002


ComDoc, Inc.
3458 Massillon Rd
Uniontown, OH 44685


Commerce Bank-Commercial Cards
PO Box 414084
Kansas City, MO 64141


DataBasics, Inc.
1203 Sunrise Valley Dr
Suite 170
Reston, VA 20191


Dodson Brothers
10 Armory Rd
Clarksburg, WV 26301
```

Dyer Insurance Company
250 Scott Avenue
PO Box 624
Morgantown, WV 26507


Executive Ink, LLC
PO Box 6277
Charleston, WV 25362


Exxon Mobil
PO Box 6404
Sioux Falls, SD 57117-6404


Federal Express
PO Box 371461
Pittsburgh, PA 15250-7461


Frontier Communications
PO Box 20550
Rochester, NY 14602-0550


Highmark West Virginia
614 Market Street
PO Box 1948
Parkersburg, WV 26101


HT Foundation Holdings Inc.
1000 Technology Drive
Suite 8000
Fairmont, WV 26554


Huntington National Bank
PO Box 182282 NC1W32
Columbus, OH 43218-2232


Kris Warner
603 Fairchance Rd.
Morgantown, WV 26508


Lincoln Investment Planning, Inc.
601 Office Center Drive
Suite 300
Fort Washington, PA 19034

Lumos Networks
Wireline Customer Care
1200 Greenbrier St
Charleston, WV 25311


Metlife SBC
PO Box 804466
Kansas City, MO 64180-4466


Metro News Radio
1111 Virginia Street E
Charleston, WV 25301


Mon Power
800 Cabin Hill Drive
Greensburg, PA 15606-0001


Peoples Natural Gas
PO Box 535323
Pittsburgh, PA 15253-5323


Pitney Bowes Global Financial Services
PO Box 371887
Pittsburgh, PA 15250-7887


Republic Services
No. 2 12th Street
Fairmont, WV 26554-3618


RMS US LLP
1861 International Dr
Suite 400
Mc Lean, VA 22102


Sherwin Williams Co.
63 Spencer Dr
Fairmont, WV 26554


Shred It USA LLC
611 E. McKeesport Blvd
North Versailles, PA 15137


Sun Life and Health Insurance Company
Box No. 6168
Carol Stream, IL 60197-6168

The Exponent Telegram
324 Hewes Avenue
PO Box 2000
Clarksburg, WV 26302-2000


Times-West Virginia
PO Box 2530
Beckley, WV 25802-2569


Todd Crump
103 Glenwood St
Fairmont, WV 26554


United Way of Marion County
112 Adams Street
Room 201
Fairmont, WV 26554


Vanguard
PO Box 1106
Valley Forge, PA 19482-1106


W. VA Unemployment Compensation Div.
Work Contribution Accounting
PO Box 106
Charleston, WV 25321-0106


WESCO Distribution, Inc.
1403 Johnson Ave
Bridgeport, WV 26330


West Virginia Dept. of Tax and Revenue
Bankruptcy Unit
PO Box 766
Charleston, WV 25323-0766


West Virginia State Tax Department
1001 Lee Street E
Charleston, WV 25324-1202


Xerox Corporation
PO Box 660501
Dallas, TX 75266-0501

# United States Bankruptcy Court
## Northern District of West Virginia

In re   **West Virginia High Technology Consortium Foundation**                     Case No.
                                                                Debtor(s)           Chapter   **11**


## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **West Virginia High Technology Consortium Foundation**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:


■ None [*Check if applicable*]


| | |
|---|---|
| **August 4, 2016** | **/s/ David B. Salzman** |
| Date | **David B. Salzman 9235** |
| | Signature of Attorney or Litigant |
| | Counsel for   **West Virginia High Technology Consortium Foundation** |
| | **Campbell & Levine, LLC** |
| | **310 Grant Street, Suite 1700** |
| | **Pittsburgh, PA 15219** |
| | **412-261-0310 Fax:412-261-5066** |

**United States Bankruptcy Court**
**Northern District of West Virginia**

In re   West Virginia High Technology Consortium Foundation                    Case No. _____
                                                                Debtor(s)         Chapter    11

# STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, **James L. Estep**, declare under penalty of perjury that I am the **President and CEO** of **West Virginia High Technology Consortium Foundation**, and that the following is a true and correct copy of the resolutions adopted by the Board of Directors of said corporation at a special meeting duly called and held on the 26th day of July, 2016.

"Whereas, it is in the best interest of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that **James L. Estep, President and CEO** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 11 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that **James L. Estep, President and CEO** of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that **James L. Estep, President and CEO** of this Corporation is authorized and directed to employ **David B. Salzman 9235**, attorney and the law firm of **Campbell & Levine, LLC** to represent the corporation in such bankruptcy case."

Date   8/4/2016                           Signed  _____
                                                              James L. Estep

## RESOLUTION OF THE BOARD OF DIRECTORS
## OF
## HIGH TECHNOLOGY FOUNDATION.

WHEREAS, on June 21, 2016, the Board of Directors ("Board" or "Board of Directors") of the West Virginia High Technology Consortium Foundation, dba High Technology Foundation, a West Virginia 501(c)(3) non-profit organization, acting on behalf of the organization and each of the organization's subsidiary companies known as HT Foundation Holdings, Inc., Vertex Non-Profit Holdings, Inc., Tech Park Non-Profit Holdings, Inc. and WVHTC, LLC (the "Non-Profit Corporation") discussed the organization's current financial situation, particularly the outstanding mortgages and the debt service obligations in light of decreased rental revenues;

WHEREAS, in accordance with the requirements of applicable law upon consideration of this resolution, the Board has further considered the financial and operational condition of the Non-Profit Corporation, including its assets and liabilities, its operational performance, and its prospects for reorganization; and

NOW THEREFORE, BE IT

RESOLVED that, in the judgment of the Board, it is desirable and in the best interests of the Non-Profit Corporation, while considering its creditors, interested parties and continued efforts to carry on the organization's charitable activities, to file a petition ("Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of West Virginia ("Bankruptcy Court"); and it is further

RESOLVED that the filing of the Petition is hereby approved as of this 26th day of July, 2016; and it is further

RESOLVED that James L. Estep, the President and Chief Executive Officer of the Non-Profit Corporation (the "Authorized Officer"), is hereby authorized to execute, verify and file the Petition on behalf of the Non-Profit Corporation and is hereby appointed by the Board as the authorized signatory with authority to take any such other actions as is necessary or appropriate to effectuate the Non-Profit Corporation's bankruptcy filing; and it is further

RESOLVED that the Authorized Officer be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Non-Profit Corporation, to execute, verify and/or file, or cause to be filed and/or executed or verified all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers; and it is further

RESOLVED that the Authorized Officer be, and hereby is, authorized to employ and retain legal counsel, accountants, or other professionals to assist in the Non-Profit Corporation's efforts in Chapter 11, and to take any and all action that he deems necessary, proper, or desirable in connection with the Chapter 11 case, including, but not limited to, (i) all actions necessary, proper, or desirable to obtain debtor-in-possession financing from one or more lenders, including, without limitation, the granting of super-priority administrative and secured claims and the execution of loan agreements and ancillary documents, (ii) all actions necessary, proper, or desirable to explore and effectuate sale options for the company and/or its assets, which could include the filing of a motion to sell the organization's assets, a motion for approval of bidding procedures and the approval and filing of other related documents, affidavits, motions, pleadings or papers, and (iii) all actions necessary, proper or desirable to address labor, pension and other benefit plan

issues and liabilities, which could include the Non-Profit Corporation taking measures provided for in sections 1113 or 1114 of chapter 11 of the Bankruptcy Code; and it is further

RESOLVED that the law firm of Campbell & Levine is employed as local and general bankruptcy counsel for the Non-Profit Corporation and subject to Bankruptcy Court approval; and in connection therewith, the Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed the appropriate applications for authority to retain the legal services of the afore-stated firm; and it is further

RESOLVED that the Authorized Officer be, and hereby is, authorized and directed to employ any other individual and/or firm as professionals or consultants or financial advisors of the Non-Profit Corporation as are deemed to be necessary to represent and assist the organization in carrying out its duties under Title 11 of the Bankruptcy Code, including, without limitation, a chief restructuring officer, and in connection therewith, the Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of such firms or individuals, and it is further

RESOLVED that the Authorized Officer be, and hereby is, authorized, directed and empowered, in the name and on behalf of the Non-Profit Corporation, to pay and direct the payment of all court-approved fees and expenses incurred in connection with the Non-Profit Corporation's Chapter 11 case; and it is further

RESOLVED that to the extent authorized by the Board of Directors, each and every officer of the Non-Profit Corporation be, and each of them acting alone hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Non-Profit Corporation to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officer may deem to be necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of the Non-Profit Corporation under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Non-Profit Corporation; and it is further

RESOLVED that this written consent may be executed in one or more counterparts, and when each signatory hereto has executed at least one counterpart, including execution in any electronic format, the resolutions contained herein shall be deemed adopted and in full force and effect as of the date hereof; and it is further

RESOLVED that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of management and the Board of Directors, in the name and on behalf of the Non-Profit Corporation, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

By signing below, the Directors acknowledge that the foregoing Resolutions are approved on and as of this 26th day of July, 2016.

_____
James R. Haney, Chairman, Board Member

_____
James L. Estep, President, Board Member

_____
Michael J. Basile, Board Member

_____
Dr. Frank W. Blake, Board Member

*[signature]*
Michael I. Green, Board Member

3

By signing below, the Directors acknowledge that the foregoing Resolutions are approved on and as of this 26th day of July, 2016.

_____
James R. Haney, Chairman, Board Member

_____
James L. Estep, President, Board Member

*[signature]*
_____
Michael J. Basile, Board Member

_____
Dr. Frank W. Blake, Board Member

_____
Michael I. Green, Board Member

3

By signing below, the Directors acknowledge that the foregoing Resolutions are approved on and as of this 26th day of July, 2016. This document may be authorized and signed by the Directors, separately, as e-signatures and countersignatures.

_____
James R. Haney, Chairman, Board Member

_____
James L. Estep, President, Board Member

_____
Michael J. Basile, Board Member

*Frank W Blake*
frank wyatt blake (Jul 27, 2016)
_____
Dr. Frank W. Blake, Board Member

_____
Michael I. Green, Board Member

Acknowledged this 27th day of July, 2016 by Nancy Trudel, Secretary to the Board of Directors.

_____
Nancy E. Trudel, Esq.

3

By signing below, the Directors acknowledge that the foregoing Resolutions are approved on and as of this 26th day of July, 2016. This document may be authorized and signed by the Directors, separately, as e-signatures and countersignatures.

_____
James R. Haney, Chairman, Board Member

_____
James L. Estep, President, Board Member

_____
Michael J. Basile, Board Member

_____
Dr. Frank W. Blake, Board Member

_____
Michael I. Green, Board Member

Acknowledged this 27th day of July, 2016 by Nancy Trudel, Secretary to the Board of Directors.

_____
Nancy E. Trudel, Esq.

3